[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 27, 2010
JOHN LEY
CLERK

No. 09-14777
Non-Argument Calendar

_____

D. C. Docket No. 09-00174-CR-1-CAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO SANCHEZ-GUERRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 27, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Pedro Sanchez-Guerrero appeals his within Guidelines sentence of 46 months' incarceration for illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, he contends his sentence is both procedurally and substantively unreasonable under 18 U.S.C. § 3553(a). Specifically, he asserts the district court failed to "enumerate which of the [§ 3553(a)] factors mattered most in its decision" and failed to adequately consider the factors set forth in 18 U.S.C. § 3553(a), including his personal history and characteristics as well as his medical history.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). We first review whether the district court committed a procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or inadequately explaining the chosen sentence. *Id.* at 597. When explaining the sentence, however, the court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, the court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is sufficient. *Id.* at 1330.

Once we determine a sentence is procedurally sound, we must examine whether the sentence is substantively reasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The factors presented in § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (citing 18 U.S.C. § 3553(a)). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted).

The district court did not abuse its discretion by imposing a within Guidelines sentence of 46 months' imprisonment. There were no procedural errors in Sanchez-Guerrero's sentence because the district court properly calculated the Guidelines range, based the sentence on undisputed facts set forth in the PSI,

treated the Guidelines as advisory, and expressly considered the § 3553(a) factors. The district court's sentence is also substantively reasonable. Although Sanchez-Guerrero claims the district court should have given more weight to certain other factors, the court did not abuse its discretion by finding that, given his criminal record, a 46-month sentence was appropriate to promote the goals of punishment and deterrence. Moreover, the court's sentence represents the lowest end of the applicable Guidelines range and is also well below the 20-year statutory maximum penalty. We therefore conclude that the sentence imposed is both procedurally and substantively reasonable.

**AFFIRMED.**